Mark **JENKINS**, Plaintiff,

v.

**KLAMATH COUNTY'S DEPT. OF PUBLIC SAFETY**, Defendant,

and

**Sheriff Tom Duryee; Deputy Carlos Barragan, Edwin I. Caleb, D.A.; Charles A. Bailey, President; Dr. George Peden; and Nurse V. Bollman**, Defendants.

John D. **JENKINS**; Joanne M. Jenkins, Plaintiff,

v.

**KLAMATH COUNTY'S DEPT. OF PUBLIC SAFETY**, Defendant,

and

**Sheriff Tom Duryee; Deputy Carlos Barragan, Edwin I. Caleb, D.A.; Charles A. Bailey, President; Dr. George Peden; and Nurse V. Bollman**, Defendants.

Civ. No. 86–6296–FR.

United States District Court, D. Oregon.

Feb. 8, 1991.

John D. Jenkins, Joanne Jenkins, Mark Jenkins, Milford, Utah, in pro per.

Stanley C. Jones, Boivin, Jones & Uerlings, Klamath Falls, Or., for defendants Charles A. Bailey and Nurse Brollier.

James R. Uerlings, Boivin & Uerlings, P.C., Klamath Falls, Or., for defendants Sheriff Tom Duryee and Klamath County.

Robert Foltyn, Crane & Foltyn, Klamath Falls, Or., for defendant Deputy Carlos Barragan.

Richard A. Roseta, John F. Kilcullen, Brown, Roseta, Long & McConville, Eugene, Or., for defendant Dr. George Peden.

## OPINION

FRYE, District Judge:

The matters before the court are 1) the motion (# 190) of defendants Charles A. Bailey and Nurse Brollier[1] for judgment on the pleadings; and 2) the motion (# 197) of plaintiffs, John D. Jenkins and Joanne Jenkins for voluntary dismissal.

## BACKGROUND

Mark Jenkins and his parents, John and Joanne Jenkins, filed this action under 42 U.S.C. § 1983 against a number of defendants seeking damages arising out of an automobile accident which occurred on December 15, 1984.

After the accident, Mark Jenkins was taken to the emergency room of Merle West Medical Center where he was treated by Dr. George Peden and a nurse, Brollier. Klamath County Deputy Sheriff Carlos Barragan entered the emergency room and interrogated in an attempt to ascertain whether Mark Jenkins had been driving under the influence of intoxicants.[2]

This court dismissed all of the claims of John and Joanne Jenkins and granted summary judgment in favor of Charles A. Bailey, Chairman of the Merle West Medical Center, Dr. George Peden, Brollier and others named in the complaint, except that the claims against Deputy Sheriff Barragan were stayed. The plaintiffs appealed the ruling of the district court as to the other defendants. The Court of Appeals affirmed the entry of summary judgment as to certain defendants; reversed the entry of summary judgment in favor of Dr. Peden and Brollier; and reversed the dismissal of the claims of John and Joanne Jenkins.

Upon remand, this court ordered all plaintiffs to file an amended complaint reflecting their claims against Deputy Sheriff Barragan, Dr. Peden, and Brollier. On July 11, 1990, John and Joanne Jenkins filed an amended complaint, naming only Deputy Sheriff Barragan. Dr. Peden then moved for judgment on the pleadings on the grounds that he was not named in the amended complaint. John and Joanne Jenkins opposed the motion, asserting that there were now two complaints—the original amended complaint containing the claims of Mark Jenkins and the most recent amended complaint containing their claims. On September 24, 1990, this court granted Dr. Peden's motion, finding that this proceeding cannot have multiple complaints and Dr. Peden was not named in the amended complaint.

---

1. Defendant Nurse Brollier was named incorrectly in the complaint as Nurse V. Bollman.

2. The factual details are set forth in the opinion of the Ninth Circuit Court of Appeals filed on February 6, 1990, 895 F.2d 1417.

On November 23, 1990, Bailey and Brollier moved for judgment on the pleadings on the same grounds as Dr. Peden. On December 12, 1990, John Jenkins sent the court a letter stating that:

> Inasmuch as John & Joanne Jenkins did not wish to re-enter this case and was compelled by this court's Order and Roseta's demand, to do so, and parents did so under duress and was enjoined in reciting the complaint, freely, there is no further point in their remaining in the case as they would be doing so under extreme duress; therefore, our, John and Joanne's, amended complaint is WITHDRAWN.
>
> If in fact Mark's amended complaint has been dismissed by this court, then this case is over as far as district court is concerned, excepting for appeals.

This court treats this letter of John and Joanne Jenkins dated December 12, 1990 as a motion for voluntarily dismissal under Fed.R.Civ.P. 41(a)(2).

## ANALYSIS AND RULING

■ Bailey and Brollier move this court for judgment on the pleadings on the same grounds raised by Dr. Peden—that is, that they are not named in the amended complaint that was filed on July 11, 1990. As the court ruled in the case of Dr. Peden, there are not now and never have been two complaints pending in this case. Local Rule 120–2 of the United States District Court for the District of Oregon provides that "[a]ny party filing ... an amended pleading shall reproduce the entire pleading and may not incorporate any part of a prior pleading by reference." At the time that Bailey and Brollier filed their motion for judgment on the pleadings, they were not named in the complaint then before the court and were therefore entitled to judgment on the pleadings.

John and Joanne Jenkins now seek to withdraw the complaint they filed on July 11, 1990, claiming that they filed it under duress from this court. The court will allow them to withdraw their complaint. John and Joanne Jenkins are no longer parties to this action as they have requested.

Judgment will be entered in favor of defendants as to the claims brought by John and Joanne Jenkins, and the action is dismissed between John and Joanne Jenkins and all defendants.

■ The issue remaining is the claim of Mark Jenkins against Deputy Sheriff Barragan, which was stayed pending appeal and which was only extinguished upon the erroneous assumption of Mark Jenkins that the amended complaint he filed in this case on January 6, 1987 would remain pending along with the complaint filed by John and Joanne Jenkins on July 11, 1990. No prejudice to Deputy Sheriff Barragan has resulted, however. The claim of Mark Jenkins against Deputy Sheriff Barragan has been pending from the time the complaint was filed; Deputy Sheriff Barragan has not moved against the complaint; and the complaint has never been dismissed from this action.

The court finds that the claim against Deputy Sheriff Barragan must be resolved as it is stated in the amended complaint filed by Mark Jenkins on January 6, 1987. The amended complaint filed in this case on January 6, 1987 is reinstated as to the claims of Mark Jenkins against Deputy Sheriff Barragan.

As to the defendants who have received an order of summary judgment in their favor, the court finds that they would be seriously prejudiced by being once again drawn into this case, and concludes that the interests of justice require that judgment in their favor remain as to all claims.

## CONCLUSION

The motion of Bailey and Brollier for judgment on the pleadings (# 190) is granted. The motion of John and Joanne Jenkins for voluntary dismissal (# 197) is granted with prejudice. Judgment will be entered in favor of all of the defendants against whom claims were made by John and Joanne Jenkins.

The amended complaint filed in this case on January 6, 1987 is reinstated as to the claims of Mark Jenkins against Deputy

Sheriff Barragan. These claims must be resolved expeditiously. The pretrial order shall be lodged by May 1, 1991. The trial is set for July 23, 1991.